## IN THE UNITED STATES DISTRICT COURT RECEIVED
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2006 DEC 12  P 1: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANNYE J. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN HERITAGE LIFE | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

CASE NO.: 2:06-cv-1101-MEF

Formerly CV-2006-2789
In the Circuit Court of Montgomery
County, Alabama

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, AMERICAN HERITAGE LIFE

INSURANCE COMPANY hereby serves notice of the removal of this cause from the Circuit

Court of Montgomery County, Alabama, to this Honorable Court, and respectfully shows unto

the Court as follows:

### I.  INTRODUCTION AND FACTUAL BACKGROUND

1.    **The Complaint.**  The Plaintiff filed this civil action on November 8, 2006, in the Circuit

Court of Montgomery County, Alabama.  The Circuit Court of Montgomery County assigned

this lawsuit the case number CV-2006-2789.  The Plaintiff named American Heritage Life

Insurance Company and Allstate Life Insurance Company as the Defendants.  The Complaint

seeks damages from the Defendants based on the handling of a claim under a life insurance

policy.  The nature of this action is more fully stated in the Complaint, which is attached hereto

as Exhibit A.

1

2.    **All Served Defendants Join.**  American Heritage Life Insurance Company is the only properly-served Defendant.[1]  To the extent Allstate Life Insurance Company's consent is needed to remove, it expressly consents to and joins in the removal through the undersigned counsel.

## II. BASIS FOR REMOVAL -- DIVERSITY JURISDICTION

3.    This removal is based on diversity jurisdiction.  28 U.S.C. § 1332.

4.    To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000.00, exclusive of interest and costs, and the action must be brought "between citizens of different States."  28 U.S.C. § 1332(a).

### A.    Diversity of Citizenship Exists In This Case.

5.    The Plaintiff is a resident citizen of Montgomery County, Alabama.

6.    Defendant American Heritage is, and has been at all pertinent times, a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.

7.    Defendant Allstate Life Insurance Company is, and has been at all pertinent times, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

8.    Because the states of citizenship of the Defendants are diverse from that of the Plaintiff, there is complete diversity of citizenship.

---

[1] The Plaintiff attempted service on Allstate Life Insurance Company by issuing service of the Summons and Complaint to Mr. Ben Pugh at 2100 Spruce Street, Montgomery, Alabama 36106.  Allstate Life Insurance Company has filed a Motion to Dismiss demonstrating that such service was invalid as Mr. Pugh is not authorized to accept service on behalf of Allstate.  Without waiving its Motion to Dismiss, Allstate Life Insurance Company is making a limited appearance in this matter to join in American Heritage Life Insurance Company's effort to remove this case and to seek the dismissal of the Complaint against it on the basis of insufficiency service of process, insufficiency of process, and lack of jurisdiction.

2

**B.    The Amount In Controversy Exceeds $75,000.00.**

9.    The Plaintiff demands judgment against American Heritage on her claims of conversion, unjust enrichment, breach of contract and bad faith, seeking both compensatory and punitive damages in an amount to be awarded by a jury.

10.    The Plaintiff's Complaint does not assign a specific dollar value to her claim.    A defendant may remove a suit to Federal Court notwithstanding the failure of the Plaintiff to plead a specific dollar amount in controversy. *See Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair").    If the rule were otherwise any plaintiff could avoid removal simply by declining to place a specific dollar value upon her claim. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W. Va. 1994).    Accordingly, where, as here, there is an unspecified claim for damages, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000.00] jurisdictional requirement." *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *see also* U.S.C. § 1332(a).    This low burden of proof is "warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F.3d at 1357.

11.    Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

12.    Based on the allegations in the Complaint by a preponderance of the evidence, the amount in controversy in the present case will more likely than not exceed $75,000.00,

3

notwithstanding that the Plaintiff demands an unspecified amount of compensatory and punitive damages. Although the life insurance policy in dispute in this case involved a death benefit of only $58,706.00, the Plaintiff has made a claim of bad faith. This cause of action, although the Defendant insists that it is without merit, will create a basis upon which the Plaintiff could recover compensatory damages in the form of mental anguish as well as a basis upon which she could theoretically recover punitive damages. *See, e.g., Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So. 2d 915, 925 (Ala. 1981) (recoverable damages for bad faith may include mental distress, economic loss, and punitive damages).

13.    Alabama courts have routinely allowed excessive compensatory and punitive damages awards in bad faith cases with very modest special damages. In *Gulf Atlantic Life Insurance Company v. Barnes*, 405 So. 2d 916 (Ala. 1981), for example, the plaintiff's breach of contract claim was for $7,000.00, but the jury awarded over $1,100,000.00 to the plaintiff in connection with her tort claims. *Id.* at 917. Although the Alabama Supreme Court ordered a remittitur in the amount of $1 million, the reduced amount still exceeded $100,000.00. *Id.* at 926. Likewise, in *United American Insurance Company v. Brumley*, 542 So. 2d 1231 (Ala. 1989), a jury awarded $5,000.00 in compensatory damages and $1 million in punitive damages in a bad faith case. More recently, on May 7, 1999, a Hale County jury awarded plaintiffs who had suffered economic losses of approximately $1,000.00 a total of $975,000.00 in compensatory damages and $580 million in punitive damages. *See Carlisle v. Whirlpool Financial Bank, et al*, in the Circuit Court of Hale County, Alabama, Civil Action No. 97-68, and *Merriweather v. Whirlpool Financial Bank, et al.*, in the Circuit Court of Hale County, Alabama, Civil Action No. 97-69; *see also Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997) (punitive damages with ratios to compensatory damages of approximately 94-1 ($175,000.00 punitive to $1,868.00

B DWM 731335 v1
2790330-000015 12/11/2006

compensatory) and 121-1 ($173,000.00 punitive to $1,429.43 compensatory)).  In *Jackson v. American Bankers Insurance Company of Florida*, 976 F. Supp. 1450 (S.D. Ala. 1997), the court reviewed the recent history of punitive damages verdicts in Alabama, and it concluded that a bad faith lawsuit was due to be removed in spite of the plaintiff's *ad damnum* clause seeking only $70,000.00.

14.     In the recent case of *Fowler v. Provident Life and Accident Insurance Company*, 256 F. Supp. 2d 1243, 1249 (N.D. Ala. 2003), the District Court concluded that the defendant had met its burden of demonstrating that the amount in controversy more likely than not exceeded the jurisdictional requirement by providing the Court with citations to cases.  Here, likewise, American Heritage has provided this Honorable Court with cites to cases involving similar allegations and similar amounts of economic losses which demonstrate that the amount in controversy requirement has been met.

15.     Considering the Plaintiff's allegations, which, if believed by a jury could support both mental anguish damages and punitive damages, and considering the recent history of Alabama courts in awarding large damage awards for both mental anguish and punitive damages, it is more likely than not that the amount in controversy in the present case exceeds $75,000.00, exclusive of interests and costs.

### III.  THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

16.     **Venue is Proper**.  In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, because, according to the Complaint, a substantial portion of the events giving rise to the Plaintiffs' claims occurred in Montgomery County, Alabama.

B DWM 731335 v1
2790330-000015 12/11/2006

17.     Pursuant to 28 U.S.C. § 1441(a), (b), and (c), this case may be removed to the United States District Court for the Middle District of Alabama, Northern Division.

18.     **Removal is Timely.** American Heritage Life Insurance Company was served with a copy of the Summons and Complaint on November 21, 2006. The Plaintiff's invalid service on Allstate Life Insurance Company occurred on November 13, 2006.

19.     This notice of removal is filed within 30 days of the date of service of the Summons and Complaint upon the earliest served Defendant. *See* 28 U.S.C. § 1446(b); FED. R. CIV. P. 6(a). Pursuant to 28 U.S.C. § 1446(d), the Defendant has served by mail a copy of this notice on the Plaintiff, and it has filed a copy of this notice with the Clerk of the Circuit Court of Montgomery County, Alabama.

20.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendants are attached hereto as Exhibit A.

## CONCLUSION

Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441, *et seq.* The Defendants therefore respectfully request this Court to proceed with this matter as if it had been originally filed in this forum and that the Court grant the Defendants such other relief to which they may be entitled.

Respectfully submitted this _11_ day of ___December___, 2006.

David W. McDowell (ASB-7713-L69d))
One of the attorneys for
Allstate Life Insurance Company

6

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:     (205) 328-0480 –
Facsimile:     (205) 322-8007

## CERTIFCATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on all parties and counsel of record by placing same in the United States mail, postage prepaid and properly addressed as follows:

Rodney Newman Caffey, Esquire
Attorney at Law
Post Office Box 2012
Montgomery, Alabama 36102
(334) 220-4310

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: /s/ David W. McDowell
        (ASB-7713-L69d)

B DWM 731335 v1
2790330-000015 12/11/2006

# EXHIBIT - A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/21/2006
Log Number 511666375

RECEIVED

M 27 ...

LEGAL DEPT

**TO:**  Gary S Stere, Vice President and Gen Counsel
American Heritage Life Insurance Company
1776 American Heritage Life Dr.
Jacksonville, FL, 32224

**RE:**  **Process Served in Alabama**

**FOR:**  American Heritage Life Insurance Company (Domestic State: FL)
*According to our records representation services for this entity have been discontinued in this jurisdiction*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Annye J. Thomas c/o the Estate of Lakecia Q. Broadnax, Pltf. vs. Allstate Life Insurance, et al. including American Heritage Life Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate of Service, Complaint |
| **COURT/AGENCY:** | Montgomery County Circuit Court, AL<br>Case # CV 06 2789 |
| **NATURE OF ACTION:** | Insurance Litigation - wrongfully detaining and controlling funds pertaining to life insurance policy |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/21/2006 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Rodney Newman Caffey<br>PO Box 2012<br>Montgomery, AL, 36102<br>334-220-4310 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790120998256<br>Email Notification, Gary S Stere GARY.STERE@AHLCORP.COM |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

G S

...

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents

**IN THECIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**
**CIVIL DIVISION**

ANNYE J. THOMAS c/o, THE ESTATE )
OF LAKECIA Q. BROADNAX       )
                             )
        **Plaintiff,**       )
                             )          **Case No.: CV-06-** 2789
**v.**                       )
                             )
                             )
                             )
ALLSTATE LIFE  INSURANCE     )
COMPANY, ET AL.,             )
                             )
        **Defendants.**      )

## SUMMONS

    This service of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

                      *American Heritage Life Insurance Company*
**NOTICE TO:**       THE CORPORATION COMPANY
                     **2000 Interstate Park Drive**
                     **Suite 204**
                     **Montgomery, Alabama**

    The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights.  You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

        **RODNEY NEWMAN CAFFEY**
        **P.O. Box 2012**
        **Montgomery, Alabama 36102**

the attorney for the Plaintiff.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____ ✗
Circuit Clerk

DATED: ___11/08/06___

## CERTIFICATE OF SERVICE

I, _____, a Deputy Sheriff with the
Montgomery County Sheriff's Department, hereby certify that I served a copy of
the foregoing complaint to _____
on the _____ day of _____ 2006.

_____
Deputy Sheriff

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY ALABAMA**
**CIVIL DIVISION**

**ANNYE J. THOMAS c/o THE ESTATE,**
**OF LAKECIA Q. BROADNAX,**

      **Plaintiff,**

v.                                **CASE NO.: CV-2006-_2789**

**ALLSTATE LIFE INSURANCE**
**COMPANY, ("ALLSTATE"),**
**AMERICAN HERITAGE LIFE**
**INSURANCE COMPANY, ("AMERICAN"),**
**FICTITIOUS DEFENDANT A,** that
person, firm, corporation, partnership, or
other entity of whatever nature, whether
singular or plural, which is liable or
potentially liable to the plaintiff for the
conduct of the defendants on the basis of
*respondeat superior* or other form of
vicarious liability; **FICTITIOUS**
**DEFENDANT B,** that person, firm,
corporation, partnership or other entity
of whatever nature, whether singular or
plural, which is liable or potentially liable
to the plaintiff, on behalf of her deceased
daughter's estate, for failing to use reasonable
care or reckless hiring, training, supervising
any of the other defendants, their agents or
employees; **FICTITIOUS DEFENDANT**
**C,** that person, firm, corporation, partnership
or other entity of whatever nature, whether
singular or plural, which is liable to plaintiff,
on behalf of her deceased daughter's estate
for any of her damages; **FICTITIOUS**
**DEFENDANT D,** that person, firm,
corporation, partnership or other entity of
whatever nature, whether singular or plural,
which is liable or potentially liable to the
plaintiff, on behalf of her deceased daughter's

estate for accepting and processing insurance premiums paid, but denying plaintiff's claim for coverage benefits.

**FICTITIOUS DEFENDANTS X,Y,Z... plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to plaintiff at this time, and that their true names will be substituted by amendment when ascertained.**

**Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Annye J. Thomas, by and through her undersigned counsel, and brings this civil Complaint against Defendants **ALLSTATE LIFE INSURANCE COMPANY, AMERICAN HERITAGE LIFE INSURANCE COMPANY, and FICTITIOUS DEFENDANTS A-D.** In support of her cause of actions; Plaintiff states as follows:

## STATEMENT OF THE PARTIES

1.   Plaintiff Annye J. Thomas is an individual above the age of nineteen (19) years and otherwise is a fully competent resident of Montgomery County, Alabama.

2.   Defendant Allstate Life Insurance Company upon information and belief, is located in Northbrook, Illinois, and is licensed to do business in Montgomery County, Alabama by registered agent, and was involved in

the sale/issuance of life insurance to Plaintiff's decedent. All transactions with regard to this sales/issuance took place in Montgomery, County, Alabama.

3. Defendant American Heritage Life Insurance Company upon information and belief, is located in Jacksonville, Florida, and is licensed to do business in Montgomery County, Alabama by registered agent, and was involved in the sale/issuance of life insurance to Plaintiff's decedent. All transactions with regard to this sales/issuance took place in Montgomery County, Alabama.

4. Fictitious Defendant A is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for the conduct of the Defendants on the basis of respondeat superior or other form of vicarious liability.

5. Fictitious Defendant B is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for failing to use reasonable care or recklessly hiring, training, or supervising any of the other Defendants, their agents or employees.

6.    Fictitious Defendant C is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for any of their damages.

7.    Fictitious Defendant D is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for accepting and processing Plaintiff's insurance premiums, but denying her claim for coverage benefits.

8.    The identities of each of these fictitious parties are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

9.    On or about 02/20/2003, Defendants issued/sold Plaintiff's decedent life insurance to cover the risks associated with an untimely death.

10.    On or about 10/27/2004, Plaintiff's decedent met with an untimely death in a fatal automobile accident, shortly thereafter, Plaintiff made a claim with Defendants for Plaintiff's decedent's life insurance coverage benefits.

11.    On or about 03/03/2005, Defendants denied Plaintiff's claim on behalf of

Plaintiff's decedent's life insurance coverage, ostensibly for Plaintiff's

decedent being excessively obese and not reporting this activity, and the

treatment associated with it, on her 02/20/2003 application for life

insurance coverage.

## COUNT ONE

## CONVERSION

12.    Plaintiff realleges and readopts by reference paragraphs (1-11) of the

Complaint as though fully set forth herein.

13.    The aforesaid conduct by Defendants "Allstate", "American" and

Fictitious Defendants A-D constitutes conversion. Defendants accepted

and retained insurance premium payments from Plaintiff for the Plaintiff's

account. By so retaining Plaintiff's funds, Defendants did wrongfully take

and/or wrongfully detain and/or wrongfully assume ownership and control

and/or possession of said funds. Said acts by the Defendants constitutes

conversion in that the Plaintiff's rights were illegally and intentionally

interfered with by way of said conversion of funds.

14.    Plaintiff claims punitive damages of the Defendants because of the

Defendants' willful and oppressive conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT TWO

## UNJUST ENRICHMENT

15.   Plaintiff realleges and readopts by reference paragraphs (1-14) of the Complaint as though fully set forth herein.

16.   Defendants "Allstate", "American" and Fictitious Defendants A-D have been unjustly enriched through the receipt of insurance premium payments made by the Plaintiff to them, as alleged in paragraphs (9-11) above.

17.   As set forth herein, retention of these benefits by Defendants is inequitable and unjust.

18.   Plaintiff claims punitive damages of the Defendants, because of the Defendants' willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT THREE

## BREACH OF CONTRACT

19.    Plaintiff realleges and readopts by reference paragraphs (1-18) of the Complaint as though fully set forth herein.

20.    Defendant "Allstate" is a corporation organized under the laws of the State of Illinois, and is licensed to do business in Alabama by designated agent and is engaged in the business of selling life insurance.

21.    Defendant "American" is a corporation organized under the laws of the State of Florida, and is licensed to do business in Alabama by designated agent and is engaged in the business of selling life insurance.

22.    On or about 02/20/2003, Defendants "Allstate" and "American" issued a contract of insurance to Plaintiff, which covered the risks associated with an untimely death.

23.  On or about 03/03/2006 Defendants "Allstate" and "American" by and
through their Agents, denied payment of Plaintiff's said claim under such
policy contract, and therefore created an intentional breach of contract and
a failure to use good faith and fair dealings with the Plaintiff as alleged in
paragraphs (9-11) above.

**WHEREFORE,** Plaintiff demands judgment against the Defendants,
individually, jointly and severally in such an amount of compensatory
damages, as a jury deems reasonable, plus attorney costs.

## COUNT FOUR
## BAD FAITH

24.  Plaintiff realleges and readopts by reference paragraphs (1-23) of the
Complaint as though fully set forth herein.

25.  Defendant "Allstate" is a corporation organized under the laws of the State
of Illinois, and is authorized to do business in Alabama by designated
agent, and is engaged in the business of selling life insurance.

26.  Defendant "American" is a corporation organized under the laws of the State of Florida, and is engaged in the business of selling life insurance.

27.  On or about 02/20/2003, Defendants "Allstate", "American" and Fictitious Defendants A-D, issued and/or sold a contract of life insurance to Plaintiff.

28.  On or about 10/27/2004, Plaintiff's decedent met an untimely death, in a fatal automobile accident, shortly thereafter Plaintiff made a claim with Defendants for Plaintiff's decedent's life insurance coverage benefits.

29.  On or about 03/03/2005 Defendants "Allstate", "American" and Fictitious Defendants A-D, by and through their agents as alleged in Paragraphs (9-11) above, denied Plaintiff payment and have officially and intentionally refused to pay the Plaintiff's said claim under said policy and have denied the same, without legal justification.

30.  Defendants' refusal to pay said claim was not based upon any reasonably legitimate, arguable or debatable reason.

31.    Defendants knew that there was no legitimate arguable or debatable reason for denying the claim, when Defendants refused to pay the claim.

32.    Defendants intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

33.    Plaintiff claims punitive damages of the Defendants, because of the Defendants' willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

DATED this the 2*th* day of October 2006.

_____

**RODNEY NEWMAN CAFFEY (CAF002)**
**Attorney for Plaintiff**

**ADDRESS OF COUNSEL:**

**RODNEY N. CAFFEY**
**ATTORNEY AT LAW**
P.O. Box 2012
Montgomery, Al. 36102
Telephone: (334) 220-4310


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

**RODNEY NEWMAN CAFFEY**

Arrow

Page 1 of 1

FROM  Shannon Robertson (334)387-7680
Alabama CT Reps
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109



FedEx Revenue Barcode

TO  **Gary S Stere (904)992-2614**
**American Heritage Life Insurance Co**
**1776 American Heritage Life Dr.**

CAD# 8279394
SHIP DATE: 21NOV06
WEIGHT  1 LB

**Jacksonville, FL 32224**
Ref: SOP/0601800//American Heritage Life Insu



DELIVERY ADDRESS (FedEx EDR)      ** 2DAY **

**FRI**
**A2**

TRK # 7901 2099 8256      FORM 0201

Deliver by:
24NOV06

32224  -FL-US

JAX



CLS100306

Nov-28-06 02:19P AHL Investments    904+992+2975    P.16

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
CIVIL DIVISION

ANNYE J. THOMAS c/o, THE ESTATE
OF LAKECIA Q. BROADNAX,

        Plaintiffs,

                                      Civil Action No.: CV-06- 2789

v.

ALLSTATE LIFE INSURANCE COMPANY,
ET AL.,

        Defendants.              **SUMMONS**

      This service of this summons is initiated upon the written request of
Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **ALLSTATE LIFE INSURANCE COMPANY c/o, BEN PUGH**
                    **2100 Spruce Street**
                    **Montgomery, Alabama 36106**

      The Complaint, which is attached to this summons, is important and you
must take immediate action to protect your rights. You are required to mail or
hand deliver a copy of a written Answer, either admitting or denying each
allegation in the Complaint to,

                    **RODNEY NEWMAN CAFFEY**
                    **Post Office Box 2012**
                    **Montgomery, Alabama 36102**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR
DELIVERED WITHIN FOURTEEN (30) DAYS FROM THE DATE OF DELIVERY
OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN
RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
You must also file the original of your Answer with the Clerk of this Court within a
reasonable time afterward.

                              *Melissa Rittenour*
                             Circuit Clerk

DATED: __11/08/06__

                                  RECEIVED

                                  NOV 1 3 2006

                                  LEGAL DEPT.

## CERTIFICATE OF SERVICE

I, _____, a Deputy Sheriff with the
Montgomery County Sheriff's Department, hereby certify that I served a copy of
the foregoing complaint to _____
on the _____ day of _____ 2004.


_____
Deputy Sheriff

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY ALABAMA
CIVIL DIVISION

ANNYE J. THOMAS c/o THE ESTATE,
OF LAKECIA Q. BROADNAX,

     Plaintiff,

v.                                     CASE NO.: CV-2006-2789

ALLSTATE LIFE INSURANCE
COMPANY, ("ALLSTATE"),
AMERICAN HERITAGE LIFE
INSURANCE COMPANY, ("AMERICAN"),
FICTITIOUS DEFENDANT A, that
person, firm, corporation, partnership, or
other entity of whatever nature, whether
singular or plural, which is liable or
potentially liable to the plaintiff for the
conduct of the defendants on the basis of
*respondeat superior* or other form of
vicarious liability; FICTITIOUS
DEFENDANT B, that person, firm,
corporation, partnership or other entity
of whatever nature, whether singular or
plural, which is liable or potentially liable
to the plaintiff, on behalf of her deceased
daughter's estate, for failing to use reasonable
care or reckless hiring, training, supervising
any of the other defendants, their agents or
employees; FICTITIOUS DEFENDANT
C, that person, firm, corporation, partnership
or other entity of whatever nature, whether
singular or plural, which is liable to plaintiff,
on behalf of her deceased daughter's estate
for any of her damages; FICTITIOUS
DEFENDANT D, that person, firm,
corporation, partnership or other entity of
whatever nature, whether singular or plural,
which is liable or potentially liable to the
plaintiff, on behalf of her deceased daughter's

estate for accepting and processing insurance
premiums paid, but denying plaintiff's
claim for coverage benefits.
**FICTITIOUS DEFENDANTS X,Y,Z...
plaintiff avers that the identities of the
fictitious party defendants herein are
otherwise unknown to plaintiff at this time,
and that their true names will be substituted
by amendment when ascertained.**

         Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Annye J. Thomas, by and through her undersigned

counsel, and brings this civil Complaint against Defendants **ALLSTATE LIFE**

**INSURANCE COMPANY, AMERICAN HERITAGE LIFE INSURANCE**

**COMPANY, and FICTITIOUS DEFENDANTS A-D.** In support of her cause

of actions; Plaintiff states as follows:

## STATEMENT OF THE PARTIES

1.    Plaintiff Annye J. Thomas is an individual above the age of nineteen (19)

       years and otherwise is a fully competent resident of Montgomery County,

       Alabama.

2.    Defendant Allstate Life Insurance Company upon information and belief,

       is located in Northbrook, Illinois, and is licensed to do business in

       Montgomery County, Alabama by registered agent, and was involved in

the sale/issuance of life insurance to Plaintiff's decedent. All transactions with regard to this sales/issuance took place in Montgomery, County, Alabama.

3.    Defendant American Heritage Life Insurance Company upon information and belief, is located in Jacksonville, Florida, and is licensed to do business in Montgomery County, Alabama by registered agent, and was involved in the sale/issuance of life insurance to Plaintiff's decedent. All transactions with regard to this sales/issuance took place in Montgomery County, Alabama.

4.    Fictitious Defendant A is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for the conduct of the Defendants on the basis of respondeat superior or other form of vicarious liability.

5.    Fictitious Defendant B is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for failing to use reasonable care or recklessly hiring, training, or supervising any of the other Defendants, their agents or employees.

6.    Fictitious Defendant C is that person, firm, corporation, partnership or

other entity of whatever nature, whether singular or plural, which is liable

or potentially liable to the Plaintiff for any of their damages.


7.    Fictitious Defendant D is that person, firm, corporation, partnership or

other entity of whatever nature, whether singular or plural, which is liable

or potentially liable to the Plaintiff for accepting and processing Plaintiff's

insurance premiums, but denying her claim for coverage benefits.


8.    The identities of each of these fictitious parties are unknown to the

Plaintiff at this time, but will be substituted by amendment when

ascertained.


## STATEMENT OF THE FACTS

9.    On or about 02/20/2003, Defendants issued/sold Plaintiff's decedent life

insurance to cover the risks associated with an untimely death.


10.    On or about 10/27/2004, Plaintiff's decedent met with an untimely death

in a fatal automobile accident, shortly thereafter, Plaintiff made a claim

with Defendants for Plaintiff's decedent's life insurance coverage

benefits.


11.    On or about 03/03/2005, Defendants denied Plaintiff's claim on behalf of

Plaintiff's decedent's life insurance coverage, ostensibly for Plaintiff's decedent being excessively obese and not reporting this activity, and the treatment associated with it, on her 02/20/2003 application for life insurance coverage.

## COUNT ONE

## CONVERSION

12.    Plaintiff realleges and readopts by reference paragraphs (1-11) of the Complaint as though fully set forth herein.

13.    The aforesaid conduct by Defendants "Allstate", "American" and Fictitious Defendants A-D constitutes conversion. Defendants accepted and retained insurance premium payments from Plaintiff for the Plaintiff's account. By so retaining Plaintiff's funds, Defendants did wrongfully take and/or wrongfully detain and/or wrongfully assume ownership and control and/or possession of said funds. Said acts by the Defendants constitutes conversion in that the Plaintiff's rights were illegally and intentionally interfered with by way of said conversion of funds.

*is this accurate? deceased would have paid*

14.    Plaintiff claims punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT TWO

## UNJUST ENRICHMENT

15.   Plaintiff realleges and readopts by reference paragraphs (1-14) of the Complaint as though fully set forth herein.

16.   Defendants "Allstate", "American" and Fictitious Defendants A-D have been unjustly enriched through the receipt of insurance premium payments made by the Plaintiff to them, as alleged in paragraphs (9-11) above.

17.   As set forth herein, retention of these benefits by Defendants is inequitable and unjust.

18.   Plaintiff claims punitive damages of the Defendants, because of the Defendants' willful and oppressive conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT THREE

## BREACH OF CONTRACT

19.    Plaintiff realleges and readopts by reference paragraphs (1-18) of the Complaint as though fully set forth herein.

20.    Defendant "Allstate" is a corporation organized under the laws of the State of Illinois, and is licensed to do business in Alabama by designated agent and is engaged in the business of selling life insurance.

21.    Defendant "American" is a corporation organized under the laws of the State of Florida, and is licensed to do business in Alabama by designated agent and is engaged in the business of selling life insurance.

22.    On or about 02/20/2003, Defendants "Allstate" and "American" issued a contract of insurance to Plaintiff, which covered the risks associated with an untimely death.

23. On or about 03/03/2006 Defendants "Allstate" and "American" by and through their Agents, denied payment of Plaintiff's said claim under such policy contract, and therefore created an intentional breach of contract and a failure to use good faith and fair dealings with the Plaintiff as alleged in paragraphs (9-11) above.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory damages, as a jury deems reasonable, plus attorney costs.

## COUNT FOUR

## BAD FAITH

24. Plaintiff realleges and readopts by reference paragraphs (1-23) of the Complaint as though fully set forth herein.

25. Defendant "Allstate" is a corporation organized under the laws of the State of Illinois, and is authorized to do business in Alabama by designated agent, and is engaged in the business of selling life insurance.

26. Defendant "American" is a corporation organized under the laws of the State of Florida, and is engaged in the business of selling life insurance.

27. On or about 02/20/2003, Defendants "Allstate", "American" and Fictitious Defendants A-D, issued and/or sold a contract of life insurance to Plaintiff.

28. On or about 10/27/2004, Plaintiff's decedent met an untimely death, in a fatal automobile accident, shortly thereafter Plaintiff made a claim with Defendants for Plaintiff's decedent's life insurance coverage benefits.

29. On or about 03/03/2005 Defendants "Allstate", "American" and Fictitious Defendants A-D, by and through their agents as alleged in Paragraphs (9-11) above, denied Plaintiff payment and have officially and intentionally refused to pay the Plaintiff's said claim under said policy and have denied the same, without legal justification.

30. Defendants' refusal to pay said claim was not based upon any reasonably legitimate, arguable or debatable reason.

31.    Defendants knew that there was no legitimate arguable or debatable reason for denying the claim, when Defendants refused to pay the claim.

32.    Defendants intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

33.    Plaintiff claims punitive damages of the Defendants, because of the Defendants' willful and oppressive conduct.

    **WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

DATED this the 24th day of October 2006.

**RODNEY NEWMAN CAFFEY (CAF002)**
**Attorney for Plaintiff**

**ADDRESS OF COUNSEL:**

**RODNEY N. CAFFEY**
**ATTORNEY AT LAW**
P.O. Box 2012
Montgomery, AL 36102
Telephone: (334) 220-4310

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

RODNEY NEWMAN CAFFEY