IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNYE J. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06 CV-1101-WKW-WC |
| | ) |
| AMERICAN HERITAGE LIFE | ) Formerly CV-2006-2789 |
| INSURANCE COMPANY, et al., | ) In the Circuit Court of Montgomery |
| | ) County, Alabama |
| Defendants. | ) |

## ANSWER

COMES now the Defendant, AMERICAN HERITAGE LIFE INSURANCE COMPANY ("American Heritage"), and, by way of Answer to the Plaintiff's Complaint, states as follows:

### STATEMENT OF THE PARTIES

1. American Heritage admits paragraph 1 of the Plaintiff's Complaint, based upon information and belief.

2. By way of response to paragraph 2 of the Plaintiff's Complaint American Heritage admits that Allstate Life Insurance Company is an Illinois corporation authorized to do business in Alabama. American Heritage denies that Allstate Life Insurance Company had any involvement in either the sale or issuance of a life insurance policy to Lakecia Q. Broadnax.

3. American Heritage admits the allegations in paragraph 3 of the Plaintiff's Complaint.

4. Paragraph 4 of the Plaintiff's Complaint is directed to fictitious parties, and, as such, requires no response from this Defendant.

5. Paragraph 5 of the Plaintiff's Complaint is directed to fictitious parties, and, as such, requires no response from this Defendant.

1

6. Paragraph 6 of the Plaintiff's Complaint is directed to fictitious parties, and, as such, requires no response from this Defendant.

7. Paragraph 7 of the Plaintiff's Complaint is directed to fictitious parties, and, as such, requires no response from this Defendant.

8. Paragraph 8 of the Plaintiff's Complaint is directed to fictitious parties, and, as such, requires no response from this Defendant.

## STATEMENT OF THE FACTS

9. American Heritage admits the allegations in paragraph 9 of the Plaintiff's Complaint insofar as they pertain to American Heritage Life Insurance Company.

10. American Heritage admits the allegations in paragraph 10 of the Plaintiff's Complaint insofar as they pertain to American Heritage Life Insurance Company.

11. By way of response to paragraph 11 of the Plaintiff's Complaint, American Heritage states that it was relieved of its obligations under the policy of life insurance based upon material misstatements made by Lakecia Q. Broadnax on her application for insurance, including, but not limited to, whether she had been seen by a physician for anything other than colds, flu, or normal pregnancy or routine physicals with no unfavorable results in the last three years, whether she was currently under the care of a physician, and whether she had been hospitalized within the last three years.

## COUNT ONE - CONVERSION

12. American Heritage reasserts its responses to paragraph 1 through 11 of the Plaintiff's Complaint as if fully set forth herein.

13. American Heritage denies the allegations contained in paragraph 13 of the Plaintiff's Complaint and demands strict proof thereof.

B DWM 733054 v1
2790330-000015 12/18/2006

14. American Heritage denies the allegations contained in paragraph 143 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO – UNJUST ENRICHMENT

15. American Heritage reasserts its responses to paragraphs 1 through 14 of the Plaintiff's Complaint as if fully set forth herein.

16. American Heritage denies the allegations contained in paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof.

17. American Heritage denies the allegations contained in paragraph 17 of the Plaintiff's Complaint and demands strict proof thereof.

18. American Heritage denies the allegations contained in paragraph 18 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE – BREACH OF CONTRACT

19. American Heritage reasserts its responses to paragraphs 1 through 18 of the Plaintiff's Complaint as if fully set forth herein.

20. American Heritage admits the allegations contained in paragraph 20 of the Plaintiff's Complaint, although it denies that the policy of insurance was issued by, or in any way concerned, Allstate Life Insurance Company.

21. American Heritage admits the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. American Heritage admits that it issued a contract of insurance to Lakecia Q. Broadnax in reliance upon information supplied in an application executed on or about February 20, 2003, but it denies that this contract involved Allstate Life Insurance Company.

B DWM 733054 v1
2790330-000015 12/18/2006

23. American Heritage admits that it refused to pay the Plaintiff's claim on or about March 3, 2005, but otherwise denies the allegations contained in paragraph 23 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT FOUR – BAD FAITH

24. American Heritage reasserts its responses to paragraph 1 through 23 of the Plaintiff's Complaint as if fully set forth herein.

25. American Heritage admits the allegations contained in paragraph 25 of the Plaintiff's Complaint, although it denies that the policy of insurance was issued by, or in any way concerned, Allstate Life Insurance Company.

26. American Heritage admits the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. American Heritage admits that it issued a contract of insurance to Lakecia Q. Broadnax in reliance upon information supplied in an application executed on or about February 20, 2003, but it denies that this contract involved Allstate Life Insurance Company.

28. American Heritage admits the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. American Heritage admits that on or about March 3, 2005, it refused the Plaintiff's claim for benefits, but otherwise denies the allegations contained in paragraph 29 of the Plaintiff's Complaint and demands strict proof thereof.

30. American Heritage denies the allegations contained in paragraph 30 of the Plaintiff's Complaint and demands strict proof thereof.

31. American Heritage denies the allegations contained in paragraph 31 of the Plaintiff's Complaint and demands strict proof thereof.

32. American Heritage denies the allegations contained in paragraph 32 of the Plaintiff's Complaint and demands strict proof thereof.

33. American Heritage denies the allegations contained in paragraph 33 of the Plaintiff's Complaint and demands strict proof thereof.

34. American Heritage denies any allegations contained in the unnumbered paragraphs beginning with the word "WHEREFORE" and denies that it is indebted to the Plaintiff in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant pleads not guilty.

### SECOND DEFENSE

The Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### THIRD DEFENSE

The Defendant specifically denies all allegations contained in the Plaintiff's Complaint and demands strict proof thereof.

### FOURTH DEFENSE

The Defendant pleads the general issue.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or waiver

### SIXTH DEFENSE

The Defendant pleads the provisions of Alabama Code § 6-11-20 (1975).

5

### SEVENTH DEFENSE

The Defendant pleads the provisions of Alabama Code § 6-11-21 (Supp. 1995).

### EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### NINTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

### TENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### ELEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not related to legitimate government interests.

### TWELFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to

6

the Constitution of the United States of America in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

### THIRTEENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof on the Plaintiffs which are less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### FOURTEENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### FIFTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the constitution of the United States of America in that

the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901, in that the damages would be an excessive fine.

### SEVENTEENTH DEFENSE

The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(i)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages which are penal in nature, against a civil Defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(ii)    The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of an award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(iii)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

8

(iv)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(v)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(vi)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## EIGHTEENTH DEFENSE

The Plaintiff's claim for punitive damages violates the Due Process Clause of Article 1, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(i)      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(ii)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(iii)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(iv)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

9

(v)    The award of punitive damages in this case would constitute deprivation of property without due process of law;

(vi)   The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(vii)  The procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages;

(viii) The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

## NINTEENTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of the State of Alabama.

## TWENTY-FIRST DEFENSE

The claims of the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no pre-determined limit on the amount of punitive damages that a jury may impose, violates this Defendant's due process rights guaranteed for the Fourteenth Amendment to the United States Constitution and by the due process of the provisions of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

The claims of the Plaintiff for punitive damages cannot be sustained because under Alabama law, (1) the jury is not provided a standard sufficient for determining the appropriateness, or the appropriate size, or a punitive damages award, (2) the jury is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) the award is not subject to judicial review on the basis of objective standards, would violate this Defendant's procedural due process and equal protection rights guaranteed by the Fourteenth Amendment.

## TWENTY-THIRD DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment of punitive damages in this case cannot protect these Defendants against impermissible multiple punishment for the same wrong.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case would violate this Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and the

B DWM 733054 v1
2790330-000015 12/18/2006

Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the Equal Protection Clause of the United States Constitution and the Constitution of the State of Alabama.

### TWENTY-FIFTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American traditional that punishment may not be imposed in the absence of a pre-existing, express legislatively-established range of penalties.

### TWENTY-SIXTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to the Defendant's alleged conduct in this matter or to any alleged harm to the Plaintiff, and may dwarf legislatively-established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause in violation of Article I, § 15 of the Alabama Constitution.

B DWM 733054 v1
2790330-000015 12/18/2006

### TWENTY-SEVENTH DEFENSE

The Defendant denies that any act or omission on its part caused or contributed to cause the injuries and damages alleged in the Plaintiff's Complaint.

### TWENTY-EIGHTH DEFENSE

The Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish, because he cannot allege that he was placed in immediate risk of physical harm by the alleged conduct, and because there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against the Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 1, 6 and 22 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWENTY-NINTH DEFENSE

The Defendant denies that it has been guilty of any conduct, including bad faith, that would support an award of punitive damages against it.

### THIRTIETH DEFENSE

American Heritage had a reasonable, legitimate and arguable reason for handling the Plaintiff's claim in the manner in which it performed under the contract.

### THIRTY-FIRST DEFENSE

The Defendant pleads failure of performance on the part of the Plaintiff.

### THIRTY-SECOND DEFENSE

The Defendant pleads failure of consideration.

B DWM 733054 v1
2790330-000015 12/18/2006

## THIRTY-THIRD DEFENSE

The claims of the Plaintiff for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## THIRTY-FIFTH DEFENSE

The Plaintiff's application for the subject policy contained misrepresentations, omissions, concealment of facts and/or incorrect statements that were fraudulent and/or were material either to the acceptance of the risk or to the hazard assumed by American Heritage, and/or American Heritage in good faith would not have issued the policy in the manner that it did had correct and complete information been supplied.

Specifically, the application for the subject policy, among other things, asked the following:

   5.   a) Within the last 3 years, has any person to be insured: had a chronic disease (including, but not limited to heart disorder, stroke, cancer, diabetes, etc.); been hospitalized; seen a physician (other than for colds, flu or normal pregnancy or a routine physical with no unfavorable results); or been counseled for or excessively used alcohol or any type of drugs?

        b) Is any person to be insured currently under the care of a physician?

In response to these questions, Lakecia Q. Broadnax answered, "No." These questions plainly applied to "any person to be insured," and Ms. Broadnax proposed to insure her life at the time

the application was completed. The information was incorrect, as Ms. Broadnax had been hospitalized, had seen a physician for reasons other than cold, flu, or a routine physical, and/or was under the care of a physician. Had Ms. Broadnax answered, "Yes," to questions 5 a) and b), then she would have been required to supply additional information which would have alerted American Heritage to health issues that would have prevented issuance of the policy. Lakecia Q. Broadnax died within two years of the completion of the application. The omissions in the application or incorrect information supplied makes the policy subject to rescission under both the terms of the insuring agreement and § 27-14-7 of the Alabama Code. Had American Heritage known of Ms. Broadnax's medical history, it would not have insured her life.

### THIRTY-SIXTH DEFENSE

The Defendant was justified in its action.

### THIRTY-SEVENTH DEFENSE

Defendant reserves to right to add any additional defenses that discovery reveals to be available or which may have been omitted through reasonable oversight.

Respectfully submitted this _18_ day of _December_, 2006.

/s/ David W. McDowell (ASB7713-L69d)
One of the attorneys for
Allstate Life Insurance Company

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone: (205) 328-0480 –
Facsimile: (205) 322-8007

## CERTIFCATE OF SERVICE

I, certify that on the ___18___ day of ___December___, 2006, a copy of the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Rodney Newman Caffey, Esquire
Attorney at Law
Post Office Box 2012
Montgomery, Alabama 36102
(334) 220-4310

                                        BAKER, DONELSON, BEARMAN,
                                        CALDWELL & BERKOWITZ, PC

                                        By: /s/ David W. McDowell
                                              (ASB-7713-L69d)